## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

AAA Autobody, Inc.

v.

Talkington et al.

July 20, 1983

Case No. (Law) 8173

### By JUDGE ALBERT H. GRENADIER

This case comes on to be heard upon the cross-motions for summary judgment filed by the parties herein. The respondent, Security Pacific National Bank, claims that it has a valid security interest in the subject automobile, thereby limiting the lien of the plaintiff, AAA Autobody, Inc., to $300.00 under § 43-33 of the Code of Virginia. The plaintiff, on the other hand, alleges that the bank, as owner and lessor of the vehicle, has no valid security interest therein and that the vehicle is subject to a lien for the full extent of the repair bill. The issue before the Court is whether the bank, as owner-lessor, has a valid security interest under the Uniform Commercial Code.

Under the Uniform Commercial Code (§ 8.1 - § 8.10, Code of Virginia) a "security interest" is broadly interpreted to mean "an interest in personal property or fixtures which secures payment or performance of an obligation." Section 8.1-201(37), Code of Virginia. Under this section and under § 8.9-102, Code of Virginia, the interest of a "true lessor" of personalty, such as an automobile, is not an Article Nine security interest. The draftsmen of the Uniform Commercial Code might have required lessors to file their interests so that third parties dealing with the lessee would be aware of such interests, but they did not do so, thus reinforcing the

belief that leases were deliberately excluded as Article Nine security interests.

And under § 8.1-201(37) the inclusion of an option to purchase or an agreement that the lessee may become the owner upon an additional payment being made does not render the lease one intended for security. The only "leases" that can become security interests are those which are really installment contracts clothed in lease terminology and those which contain options to purchase for a price less than the fair market value at the time the option is exercised. Neither category applies in this case.

The lease in question is a true lease. There is no option to buy and it is clearly not an installment contract. Since California Vehicle Code § 6301 provides that all persons having an interest in the vehicle are subject to the Uniform Commercial Code, it necessarily follows that a true lease cannot be the subject of a security interest, regardless of what other code sections may imply. The Court is of the further opinion that California Vehicle Code § 5908 was not intended to apply to a true lease, but rather to an installment sale contract disguised as a lease.

Accordingly, the Court holds that the lease cannot constitute a valid security interest in the subject vehicle and the vehicle is subject to a lien for the full extent of the just and reasonable charges of repair.